Curia, per

O’Neall, J.
We agree with the presiding judge below, that on the state of the pleadings, the defence could not be sustained. The rule is very clearly stated in Bollinger vs. Thurston, (2 Mill’s Con. Rep. 447,) that upon the plea of non est factum, solely, the defendant cannot go into evidence of the failure of the consideration ; he must give notice to the plaintiff of such matter. In Hunter vs. Graham, (1 Hill, 370,) the subject was again considered and the rule reiterated. The Act to regúlate the practice of the Courts of law,(a) in certain cases, (Acts of ’31, p. 46,) which provides “ that in all actions of debt on bond, the defendant shall be at liberty, under the plea of the general issue, to offer in evidence any matter tending to show that the bond was void in its creation, provided twelve days’ notice be given to the opposite party of the nature of the defence intended to be relied on,” would seem to impliedly sanction the doctrine, that no defence which admitted the execution of the bond, could be given in evidence under the general issue, before its passage, and only by giving notice since. But the second clause of the Act reserves the right which might then exist according to the laws and usages of this State, of giving any matter in evidence under the general issue. Putting the two clauses together, I suppose the Act was intended to solve what was thought to be a doubtful question of practice; and it would be well now, perhaps, to conform, in practice, generally to its provisions. Still, however, I have no doubt that any matter which shows *220 that the bond was void in its creation, may be given in evidence under the general issue.(a) If, as the defendant’s counsel supposed, it had been shown that the single bill in this case, had been obtained by fraud, I should have entained no doubt that that defence was available under the general issue. But misrepresentation is not necessarily fraudulent.(b) Wilful misrepresentation must be so. But a mistake or ignorance may cause a misrepresentation that would not be such a fraud as to render an instrument void. On the present occasion, the scienter has not been brought home to the plaintiff, and hence there can be no doubt in saying that the single bill was not void in its creation, and that the defendant’s defence was a partial or entire failure of consideration, neither of which defences could avail him under the plea of non est factum.
The second ground of the defendant’s motion cannot help him here. The matter alluded to in it, was addressed to the discretion of the Judge below. That it was properly exercised, we would not lightly question. On this occasion, however, there is no doubt that the defendant had no right to ask further indulgence. At a previous term he had been allowed several months to file the plea. During all that time, with the exception of perhaps one day, his counsel was well. If that which ought to have been done, was not done, to what cause is it to be ascribed ? Certainly not to the act of God. The untiring industry and zeal of the junior counsel for the defendant negatives the notion that the non-filing of the plea arose from his neglect. It was, I presume, not done, because upon reflection it was not supposed to be necessary.
The motion is dismissed.
The whole Court concurred.

 6 Stat. 438. An.

 See 4 Rich. 507. An.

 See 2 Hill, 657. An.